UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
|  | Case No. |
| GLEN LIRA FERNANDEZ,<br>          Petitioner |  |
| v. |  |
| LOUIS A. QUINONES, JR., in his official<br>capacity as Warden of the Orange County Jail;<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT;<br><br>ICE FIELD OFFICE DIRECTOR,<br>ORLANDO FIELD OFFICE,<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY;<br><br>          Respondents. |  |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND
COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Petitioner, by and through undersigned counsel, files this consolidated and merged Petition for
Writ of Habeas Corpus and Emergency Injunctive Relief, integrating the factual allegations, legal
claims, and Rule 65 showing previously pled, and states:

**I. INTRODUCTION**

1. This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the
   ongoing and unlawful detention of Petitioner Glen Lira Fernandez at the Orange County
   Jail in Orlando, Florida.

2. Petitioner is confined without any criminal charges, without a judicial warrant, and
   without lawful authority, solely based on an ICE immigration detainer—an administrative
   request that does not authorize detention.

3. Respondents have threatened and attempted to transfer Petitioner to ICE custody, which would irreparably deprive him of liberty and risk frustrating this Court's habeas jurisdiction.

4. Petitioner seeks immediate release and emergency injunctive relief preserving the status quo pending adjudication of this habeas action.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6. This Court is authorized to grant the writ and to dispose of the matter as law and justice require.

7. Venue is proper in this District because Petitioner is detained in Orange County, Florida, and Respondents exercise custody in this District.

## III. PARTIES

8. Petitioner Fanderson Glen Lira Fernandez is a national of Brazil lawfully present in the United States, currently detained at the Orange County Jail.

9. Respondent Louis A. Quinones, Jr. is the Warden of the Orange County Jail, responsible for Petitioner's day-to-day confinement.

10. Respondents DHS, ICE, and the ICE Orlando Field Office Director are responsible for civil immigration enforcement and the detainer at issue.

## IV. CUSTODY AND EXHAUSTION

12. Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

13. No adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. Exhaustion is not required and would be futile.

## V. FACTUAL ALLEGATIONS

14. On January 24th, 2026, Petitioner was arrested by the Orange County Sheriff's Office on the stated basis that he was allegedly "undocumented."

15. No criminal charges were filed. No probable cause affidavit exists. No judicial warrant was issued.

16. Upon information and belief, the sole basis for confinement is an ICE immigration detainer issued under 8 C.F.R. § 287.7.

17. Petitioner is lawfully present in the United States, possesses a valid Florida driver's license, Social Security number, employment authorization, and has a pending asylum

application. Petitioner had also entered the United States with a Student Visa. **See Exhibit A**

18. Respondents have indicated intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## VI. LEGAL FRAMEWORK AND CLAIMS

A. Habeas Relief Is Available for Unlawful Civil Detention

20. Habeas relief under § 2241 extends to unconstitutional restraints on liberty imposed by state actors acting under color of federal authority.

B. ICE Detainers Do Not Authorize Local Detention

21. An ICE detainer is a request, not a warrant, and confers no independent authority to detain an individual.

22. Detention based solely on a detainer violates the Fourth Amendment and due process.

C. Fourth Amendment – Unreasonable Seizure

23. Petitioner's detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure.

D. Fifth and Fourteenth Amendments – Due Process

24. Petitioner has been deprived of liberty without notice, hearing, or lawful process.

E. Ultra Vires Detention

25. Local jail officials lack authority to effectuate civil immigration detention absent lawful federal process.

## VII. EMERGENCY INJUNCTIVE RELIEF (RULE 65)

26. Petitioner incorporates all prior allegations as if fully set forth herein.

27. Temporary and preliminary injunctive relief are warranted because Petitioner satisfies all four required elements under Eleventh Circuit precedent:

## A. Substantial Likelihood of Success on the Merits

28. Petitioner is detained without criminal charges, without a judicial warrant, and solely on the basis of an ICE detainer, which is expressly defined by federal regulation as a request and not a command. See 8 C.F.R. § 287.7.

29. Numerous federal courts have held that detention based solely on an ICE detainer violates the Fourth Amendment and due process, and local jailers lack independent authority to effectuate civil immigration detention.

30. Federal courts across the country have overwhelmingly rejected the Government's position that noncitizens who entered through the border and are lawfully present—whether through Temporary Protected Status ("TPS"), parole, or pending asylum—are subject to mandatory detention without judicial review. Instead, courts have repeatedly held that such individuals are detained, at most, under 8 U.S.C. § 1226(a) and are therefore entitled to habeas relief in the form of release or a bond hearing.

31. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026), the court squarely rejected the Government's mass-detention theory and held that the petitioner—who, like Petitioner here, was lawfully present and not subject to removal—was entitled to habeas relief and a bond hearing. The Reyes court further observed the extraordinary and lopsided judicial consensus rejecting the Government's position, noting:

    "As of January 5, 2026, 308 judges have ruled against the Government's mass detention policy — ordering release or bond hearings in more than 1,600 cases — while just 14 judges have sided with the Government's position." *Id.*

32. This stark statistic is not merely persuasive—it is dispositive evidence that the Government's detention theory is an extreme outlier that has been repeatedly repudiated by the federal judiciary. Courts have consistently recognized that lawful presence forecloses detention based solely on immigration status, and that detention without a warrant, criminal charge, or bond hearing violates both the Fourth Amendment and due process.

33. The Middle District Court of Florida has expressly adopted this reasoning in 6:26-cv-00066-RBD-NWH. In granting temporary restraining order relief in a materially indistinguishable habeas case, the Court recognized that noncitizens with TPS and/or pending asylum applications are not subject to mandatory detention, and that continued confinement without a bond hearing is likely unlawful. The Court relied on Reyes as persuasive authority and emphasized that individuals in Petitioner's position are, at minimum, entitled to habeas relief and judicial review of custody.

34. Here, as in Reyes and the more than 1,600 cases nationwide rejecting the Government's position, Petitioner is lawfully present in the United States, is not subject to removal, and is being detained without criminal charges, without a judicial warrant, and without any statutory authority permitting mandatory detention. Given the overwhelming judicial consensus, Petitioner has demonstrated far more than a "substantial likelihood" of success—he has shown that the Government's detention theory has been nearly universally rejected by federal courts.

## B. Irreparable Harm

35. The loss of physical liberty constitutes irreparable harm as a matter of law. Each additional day of unlawful confinement inflicts harm that cannot be remedied by monetary damages.

36. Transfer to ICE custody would irreversibly alter Petitioner's custodial status, subject him to continued civil detention without judicial process, and risk mooting or frustrating this Court's habeas jurisdiction.

## C. Balance of Harms

37. The balance of equities weighs decisively in Petitioner's favor. Enjoining transfer merely preserves the status quo and imposes minimal burden on Respondents.

38. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful detention and the risk of jurisdictional evasion through transfer.

## D. Public Interest

39. The public has a compelling interest in ensuring that detention occurs only pursuant to lawful authority and constitutional safeguards.

40. Preserving the status quo while this Court adjudicates the legality of Petitioner's detention advances, rather than undermines, the public interest.

## VIII. REQUESTED RELIEF

Petitioner respectfully requests that the Court:

a.) Issue a writ of habeas corpus directing Respondents to immediately release Petitioner;

b.) Enter a temporary restraining order and/or preliminary injunction prohibiting Respondents from transferring Petitioner from Orange County Jail custody pending resolution of this action;

c.) Declare that Petitioner's detention based solely on an ICE detainer is unlawful;

d.) Order expedited proceedings under 28 U.S.C. § 2243;

e.) Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on January 25th, 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net,OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709

/s/ Phillip Arroyo
PHILLIP ARROYO, ESQ.
Florida Bar No. 1022409
Phillip@ChillCallPhil.com
Josephine@ChillCallPhil.com

Attorney for Defendant

# EXHIBIT A

# Orange County Incarcerations





**IMMIGRATION HOLD**

### LIRAFERNANDES, GLEN

| | |
|---|---|
| **Booking Number:** | 26003565 |
| **Race:** | WHITE |
| **Gender:** | MALE |
| **Age:** | 45 |
| **Last Known Location:** | |
| **Cell:** | BRCIA09 |
| **Date Booked:** | 01/24/2026 |
| **Number of Holds:** | 1 |
| **Notes:** | NONE |

## Charges

CLOSE











Department of Homeland Security
## Notice to Appear

| In removal proceedings under section 240 of the Immigration and Nationality Act: |
|---|

File No: A220817181

In the Matter of:

Respondent: _____ GLEN LIRA FERNANDES _____ currently residing at:

2525 AMATI DR, KISSIMMEE, FL 34741                    3213183622
(Number, street, city and ZIP code)              (Area code and phone number)

[  ] 1. You are an arriving alien.
[  ] 2. You are an alien present in the United States who has not been admitted or paroled.
[ X ] 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Brazil and a citizen of Brazil;
3. You were admitted to the United States at MIAMI, FL on or about March 3, 2021 as a nonimmigrant Student with authorization to remain in the United States for a temporary period not to exceed August 5, 2022;
4. You remained in the United States beyond August 5, 2022 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted.

[  ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.
[  ] Section 235(b)(1) order was vacated pursuant to: [  ] 8CFR 208.30   [  ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

500 N. ORANGE AVENUE, SUITE 1100, ORLANDO, FL 32801, UNITED STATES
(Complete Address of Immigration Court, including Room Number, if any)

on __10/30/2026__ at __1:00 PM__ to show why you should not be removed from the United States based on the
(Date)          (Time)

charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)

Date: __10/4/25__        Miami FL
                         (City and State)

DHS Form I-862 (6/22)                                   Page 1 of 3

### Notice to Respondent

: Any statement you make may be used against you in removal proceedings.

**Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at <u>www.uscis.gov/i-589</u>. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at <u>http://www.ice.gov/contact/ero</u>, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is **SPANISH.**

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office of Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
(Signature of Respondent)

_____
(Signature and Title of Immigration Officer)

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on ____ **OCT 1 6 2025** ____, in the following manner and in compliance with section 239(a)(1) of the Act.

[ ] In person    [ ] by certified mail, returned receipt # _____ requested    [✓] by regular mail
[ ] Attached is a credible fear worksheet.
[ X ] Attached is a list of organization and attorneys which provide free legal services.
The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

DHS Form I-862 (6/22)

Page 2 of 3

**U.S. Department of Homeland Security**
Miami Asylum Office
1501 Biscayne Boulevard. Suite 300, Miami, FL 33132

 U.S. Citizenship
and Immigration
Services

Date: October 10, 2025

GLEN LIRA FERNANDES

2525 AMATI DR
KISSIMMEE, FL 34741

RE: LIRA FERNANDES, GLEN   A220817181
    NOGUEIRA FERNANDES, JENIFER   A234932981
    NOGUEIRA FERNANDES, RAFAELLA   A234932980



### Referral Notice

Dear GLEN LIRA FERNANDES:

This letter refers to your Form I-589, *Application for Asylum and for Withholding of Removal*, filed with U.S. Citizenship and Immigration Services (USCIS).

An applicant for asylum who files his or her application after April 1, 1998, must file within one year of the date of last arrival, unless there are changed circumstances that materially affect the applicant's eligibility for asylum or extraordinary circumstances directly related to the delay in filing. You filed your application for asylum on , but you have not demonstrated with clear and convincing evidence that your application was filed within one year of your last arrival.

Although you have established changed circumstances materially affecting your eligibility for asylum, or extraordinary circumstances directly related to your delay in filing, you failed to file your application within a reasonable period of time given those circumstances.

Enclosed please find a Notice of Appear (Form I-862), which constitutes written notice of the termination of your parole status and places you under removal proceedings. See 8 CFR 212.5(d)(2)(i).

Based on the above determination(s) made following your asylum interview, your asylum application has been referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request that the immigration judge consider your asylum application, and you may amend your application when you appear before the immigration judge at the date and time listed on the attached charging document (Form I-862, *Notice to Appear*). Once you appear before the immigration judge, the judge will consider whether your application was timely filed or whether an exception to the filing deadline applies in your case. The immigration judge will evaluate your asylum claim independently and is not required to rely on or follow the decision made by USCIS. This referral includes the derivative family member(s) who were included in your asylum application and who are listed above.