UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GLEN LIRA FERNANDEZ,**

**Petitioner,**

v.                                                          **Case No. 6:26-cv-186-CEM-RMN**

**LOUIS A. QUINONES, JR.,
IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT OF HOMELAND
SECURITY,**

**Respondents.**

_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner's Emergency Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion for TRO and Preliminary Injunction," Doc. 2). For the reasons that follow, the Court will grant a temporary restraining order ("TRO")[1] and set an expedited briefing schedule on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief ("Petition," Doc. 1).

---

[1] Given the exigency of this matter, the Court entered an Endorsed Order (Doc. 6) granting the TRO insofar as Respondents were prohibited from removing Petitioner from the Orange County jail. This Order serves as the written explanation of that Endorsed Order.

## I. BACKGROUND

Petitioner alleges that he is a national of Brazil, that he entered the United States with a student visa, that he is lawfully present in the United States, that he possesses a valid Florida driver's license, a social security number, and employment authorization, and that he "has a pending asylum application." (Doc. 1 at 2–3). On January 24, 2026, Petitioner was arrested by the Orange County Sheriff's Office for allegedly being undocumented. (*Id.* at 2). Petitioner maintains that "[n]o criminal charges were filed," "[n]o probable cause affidavit exists," and "[n]o judicial warrant was issued." (*Id.* at 2).

Petitioner contends that his continued detention without a hearing violates due process and constitutes an unreasonable seizure. (*Id.* at 3–4). He seeks the following relief: (1) immediate release, (2) a TRO and a preliminary injunction maintaining the status quo and prohibiting his transfer from the Orange County Jail pending the resolution of this action, (3) a declaration that his detention is unlawful, (4) expedited proceedings, and (5) any other relief deemed proper. (*Id.* at 5; Doc. 2).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition."  Additionally, to obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

### III. ANALYSIS

#### A. Likelihood of Success on the Merits

Section 2241 permits a district court to grant a petition for writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "In a § 2241 habeas corpus case, '[the] petitioner has the burden of establishing his right to federal habeas relief.'" *United States v. Nickson*, 553 F. App'x 866, 869 (11th Cir. 2014) (quoting *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006)). "Noncitizens present in the United

States are entitled to due process under the Fifth Amendment. That includes protection against deprivations of liberty—like immigration detention—without due process of law." *Mejia v. Noem*, No. 2:25-cv-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

Petitioner argues that, though a noncitizen, he is not subject to mandatory detention. This argument implicates a distinction between two sections of the Immigration and Nationality Act ("INA"): 8 U.S.C. §§ 1225(b) and 1226(a). As the Supreme Court has explained, "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under § 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under § 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

Section 1225(b)(2) provides that: "in the case of a [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). "Section 1225(b)(2) . . . contemplates inspection and detention at or immediately following border crossing."

*Kashranov v. Jamison*, No. 2:25-cv-05555-JDW, 2025 WL 3188399, at *7 (E.D. Pa. Nov. 14, 2025).

Noncitizens, like Petitioner, who have been residing in the United States and have applications for asylum pending, are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by virtue of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy—ordering release or bond hearings in more than 1,600 cases—[while] just 14 judges . . . have sided with the [Government's] position").

Instead, such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, are entitled to a bond hearing. *See id.*; *see also De Souza v. Soto,* No. CV 25-18734 (JXN), 2026 WL 102946, at *2 (D.N.J. Jan. 14, 2026) (recognizing that the petitioner who overstayed his B2 tourist visa and was arrested was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing with an immigration judge).

The likelihood of Petitioner's success on the merits is largely contingent on whether he is detained under 8 U.S.C. § 1226(a), and thus, is entitled to a bond hearing. From Petitioner's allegations, he appears to be entitled to a bond hearing.

Consequently, Petitioner's detention without a bond hearing appears unlawful, and he has demonstrated a likelihood of success on the merits.

### B. Irreparable Harm

Irreparable harm is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

To allow Petitioner, who appears to be entitled to a bond hearing regarding his continued detention, to be transferred from the Orange County Jail to an Immigration and Customs Enforcement ("ICE") holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case. If this occurred, Petitioner would likely be unlawfully detained without due process for even longer. Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Moreover, because Petitioner may be moved at any moment without notice, it is likely that this irreparable harm will occur before Respondents can be heard in opposition. Thus, the Court concludes that prohibiting Petitioner's transfer from the

Orange County Jail is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention without a bond hearing.

### C. Balance of Equities and Public Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). There is no legitimate public interest served by Petitioner's unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025). Therefore, these final factors for injunctive relief also weigh in Petitioner's favor.

### IV. CONCLUSION

The Court concludes that Petitioner's ongoing immigration detention and/or the absence of a bond hearing are likely unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong said detention and cause irreparable harm if permitted. Therefore, the Court grants Petitioner's request for a temporary restraining order. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Emergency Motion for Temporary Restraining Order and for Preliminary Injunction' (Doc. 2) is **GRANTED**. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from transferring Glen Lira Fernandez from the Orange County Jail **until further order of the Court**.

2. Respondents shall respond in writing to the Motion (Doc. 2) and the Petition for Habeas Corpus (Doc. 1) on or before **February 4, 2026, at NOON** and show cause why the Court should not issue a preliminary injunction.

3. The Clerk shall serve a copy of this Order on Respondents today, **January 29, 2026,** and certify to the Court that service has been effected.

4. No bond shall be required as the Court deems it unnecessary.

5. This matter is set for an evidentiary hearing on **Thursday, February 5, 2026, at 3:00 PM**. One hour has been reserved for this hearing.

6. 

7. The Clerk of Court is **DIRECTED** to electronically send a copy of this Order to the United States Attorney's Office in Orlando, Florida and to the other parties as indicated below.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801
USAFLM.Orlando2241@usdoj.gov

Orange County Jail / Warden's Office (main office email):
michele.carpentieree@ocfl.net

Orange County Sheriff's Office – Legal Services (main office email):
so-as-legalservices@ocsofl.com
OCCDRecords@ocfl.net

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324

United States Immigration and Customs Enforcement Field Office
Attn Assistant Field Office Directors
MIAAOR-Habeas-DG@ice.dhs.gov

Sheriff John Mina

Warden, Orange County Jail
Corrections Administration,
3273 Vision Blvd,
Orlando, Florida, 32839